```
                    United States District Court
                       District of Massachusetts
```

| | |
|---|---|
| **John Paul Beaudoin, Sr.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| **Charles D. Baker, in his official** ) | 20-11187-NMG |
| **capacity as Governor of the** ) | |
| **Commonwealth of Massachusetts,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se litigant John Paul Beaudoin, Sr. ("plaintiff" or "Beaudoin") is a Massachusetts resident who purportedly suffers from a hearing impairment caused by an adverse reaction to a prophylactic treatment he received during the "Hong Kong flu" outbreak in 1968. Plaintiff brings this action against Charles D. Baker in his official capacity as Governor of the Commonwealth of Massachusetts ("defendant" or "Governor Baker") to challenge a certain prophylactic measure imposed during the COVID-19 pandemic, namely, the requirement to wear a face mask. Beaudoin seeks a declaration that the requirement is unconstitutional and to enjoin its enforcement.

Defendant moves to dismiss plaintiff's action for lack of jurisdiction and failure to state a claim. For the reasons that

follow, that motion will be allowed and plaintiff's first amended complaint will be dismissed without prejudice.

I. **Background**

**A. Governor Baker's Emergency Response to COVID-19**

COVID-19 is a respiratory disease which spreads from person-to-person via the respiratory droplets of infected individuals.  Due to its presence in the United States, there has been a state of emergency declared in the Commonwealth of Massachusetts for more than one year.  Pursuant to that declaration, Governor Baker has issued a series of executive orders, ranging from closing businesses and schools, prohibiting large gatherings of people to requiring people to wear face coverings in public.

On May 1, 2020, for instance, Governor Baker issued Order 31 which required all persons over the age of two and not suffering from certain medical conditions to wear face coverings in public when unable to maintain six feet of separation from others.  It was enforceable by public health officials via a civil fine of up to $300 per violation.  In support of the Order, the Governor cited recommendations from the Centers for Disease Control ("the CDC") and other public health agencies that the use of face coverings can help prevent the transmission of COVID-19.

As the pandemic progressed, the CDC continued to report that face coverings help prevent the spread of the virus. Governor Baker therefore amended the face covering requirements in November, 2020, by replacing Order 31 with Order 55.  Subject to the same enforcement protocol, Order 55 (which is still in effect) requires all non-exempt persons in Massachusetts over the age of five to wear face coverings in public, at all times. It also adds several exemptions from the face covering requirements, including persons unable to wear a face covering due to a medical condition or disability or those in situations

> [w]here a face covering would impede communication by or with a person who has a hearing impairment or other disability.

**B. Procedural History**

In June, 2020, plaintiff filed his original complaint, alleging that the face covering requirements in Order 31 are invalid because the efficacy of face coverings is unsupported by science and their use deprives him of the ability to communicate verbally with others.  Defendant moved to dismiss that complaint in October, 2020, and replaced Order 31 with Order 55 soon thereafter.  In light of the issuance of Order 55, plaintiff moved to amend his complaint, accordingly, which this Court allowed in November, 2020.

In his amended complaint, plaintiff contends that Governor Baker's emergency orders, and Order 55 in particular (which he

calls "the Regulation"), are invalid because the pandemic does not warrant the exercise of emergency executive powers and, in any event, the measures adopted to mitigate the COVID-19 outbreak do more harm than good.[1]  Plaintiff submits that there are no scientifically proven benefits of face coverings but there are proven harms, including that they inhibit his ability to communicate with others and spread unwarranted fear and hysteria throughout society.  In fact, plaintiff alleges, such hysteria has caused others to "berate" and "chastise" him for not wearing a face covering in public.

He asserts that the face covering requirements, therefore, violate the First, Ninth and Fourteenth Amendments to the United States Constitution (Counts I-IV) and Article 10 of the Massachusetts Constitution (Count IV), exceed the scope of Governor Baker's authority (Count V) and deprive plaintiff of his civil rights pursuant to 42 U.S.C. § 1983 (Count VI).

In December, 2020, defendant moved to dismiss the amended complaint on the grounds that 1) plaintiff lacks standing, 2) his state-law claims are barred by the Eleventh Amendment and 3) he otherwise fails to state a claim for relief.  Plaintiff

---

[1] Plaintiff clarifies in his opposition memorandum (Docket No. 40) that, although he mentions in his complaint other "COVID-19 regulations" issued by Governor Baker, he is challenging only Order 55 and refers to other regulations only as "evidence that Order No. 55 is also arbitrary and capricious, and [to] demonstrate Defendant's ignorance of science".

responds, pro se, that he has standing to bring this action because Order 55 deprives him of about 80% of verbal communication in that he is hearing impaired and relies on reading lips to understand others and, although he is exempted from the Order, it causes him to be chastised by others and denied access to businesses when he walks in public without a face covering.  Plaintiff declares that he has stated a plausible claim that the Governor's emergency order is arbitrary because there is no scientific support for the efficacy of using face coverings to stop the spread of COVID-19.

## II. Motion to Dismiss for Lack of Jurisdiction

### A. Legal Standard

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If the defendant mounts a "sufficiency challenge", the Court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional

facts, then "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the Court will consider the allegations by both parties and resolve the factual disputes. Id.

### B. Application

#### 1. The Eleventh Amendment

Absent an express and unequivocal waiver of sovereign immunity, the Eleventh Amendment bars from federal court all state-law claims against states and state officials acting in their official capacity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-102, 121 (1984) (clarifying that the Ex parte Young doctrine, which exempts from the Eleventh Amendment jurisdictional bar claims against state officials for prospective declaratory or injunctive relief relating to violations of federal law, does not apply to claims premised on state law).

Here, because sovereign immunity has not been waived and Count IV, to the extent it asserts a claim under the Massachusetts Constitution, and Count V are against Governor Baker in his official capacity and premised on state law, those claims are barred by the Eleventh Amendment and must be dismissed. Cangelosi v. Edwards, No. 20-cv-1991, 2020 WL 6449111, at *5 (E.D. La. Nov. 3, 2020) (dismissing state law claims against the Governor of Louisiana for his COVID-19-

related orders as barred by the Eleventh Amendment); Stewart v. Justice, No. 20-cv-0611, 2020 U.S. Dist. LEXIS 220373, at *4-5 (S.D.W.V. Nov. 24, 2020) (similar).  The Court next considers whether plaintiff has standing to assert his remaining federal-law claims.

### 2. Standing

Pursuant to Article III of the United States Constitution, the jurisdiction of federal courts extends only to actual "cases" and "controversies" involving the legal rights of litigants who have a "personal stake in the outcome of the controversy". Baker v. Carr, 369 U.S. 186, 204 (1962); U.S. Const. art. III, § 2, cl. 1.  To show such a personal stake, otherwise known as "standing", a plaintiff must establish 1) an "injury in fact", 2) a causal connection between that injury and the challenged conduct and 3) a likelihood that the injury will be redressed by a favorable decision of this Court. Lujan, 504 U.S. at 560-61.

In addition to those constitutional requirements, federal courts also adhere to a set of "prudential principles that bear on the question of standing". Valley Forge Christian College v. Am. United for Separation of Church and State, 454 U.S. 464, 474 (1982).  One such principle is that federal courts should refrain from adjudicating "abstract questions of wide public significance" and "generalized grievances" which are more

appropriately addressed by the representative branches of government. Id. at 474-75.

### i. Injury

To establish "injury in fact", a plaintiff must demonstrate that the injury is "concrete, particularized, and actual or imminent". Blum v. Holder, 744 F.3d 790, 796 (1st Cir. 2014). The injury cannot be shared by all and

> [a] mere interest in an event—no matter how passionate or sincere the interest and no matter how charged with public import the event—will not substitute for actual injury.

United States v. AVX Corp., 962 F.2d 108, 113-14 (1st Cir. 1992); see also Valley Forge Christian Coll. v. Am. United for Separation of Church and State, 454 U.S. 464, 471 (1982) ("The judicial power of the United States defined by Art. III is not an unconditioned authority to determine the constitutionality of legislative or executive acts."). That is because federal courts are not "merely publicly funded forums for the ventilation of public grievances". Valley Forge, 454 U.S. at 473.

Here, Beaudoin has alleged three injuries: 1) that he is "being forced to do something against his will that he feels will be less safe for himself and others"; 2) that the face covering requirements "deprives the Plaintiff of about 80% of verbal communications" and 3) that "prior traumatic stress in Plaintiff's life has returned" due to the fear and hysteria

surrounding face coverings.  Although the Court is sympathetic with the plaintiff and others who complain about the arbitrary and capricious nature of the face covering regulation and with the apparent failure of authorities to adjust and modify that regulation as our understanding of the science evolves, none of plaintiff's alleged injuries is cognizable under the standing jurisprudence.  Thus, plaintiff's complaint will be dismissed without prejudice.

Beaudoin's first and second alleged injuries cannot be remedied in this action because they are not actual or imminent. With respect to the first claim, plaintiff has failed to show that he has been or will actually be "forced" to wear a face covering. Bechade v. Baker, No. 20-cv-11122, 2020 WL 5665554, at *2 (D. Mass. Sept. 23, 2020) (dismissing for lack of standing a challenge to Governor Baker's face covering requirements because plaintiff never alleged that "she has personally been forced to wear a mask").  He does not allege, for instance, that he has been subject to civil enforcement for his prior refusal to wear a face covering, nor that he will be subject to such enforcement in the future.  Indeed, because plaintiff suffers from a hearing impairment, he is exempt from the requirement of Order 55. See Ramirez v. Sanchez Ramos, 438 F.3d 92, 98 (1st Cir. 2006) (standing requires, at least, a "credible threat . . . that the

challenged statute will be enforced to the plaintiff's detriment").

With respect to the deprivation of his verbal communication, Order 55 provides a specific exception to the face covering requirement to prevent such injury, namely, exempting situations

> [w]here a face covering would impede communication by or with a person who has a hearing impairment.

That exception permits both Beaudoin and anyone with whom he is communicating to speak in public without face coverings, thereby facilitating unimpeded verbal communication. Accordingly, nothing in the complaint demonstrates that Order 55 prohibits plaintiff from communicating effectively.[2]

Finally, as to the purported psychological injury, plaintiff's allegations are too abstract, constitute generalized grievances or otherwise fall outside of the

> zone of interests to be protected or regulated by the statute or constitutional guarantee in question.

Valley Forge, 454 U.S. at 475 (internal citation omitted); see Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548-49 (2016) (explaining that a concrete injury is one which is "real" and not "abstract").

---

[2] Although Beaudoin complains that those with whom he is communicating often refuse to remove their face coverings, thereby impeding his ability to communicate, such conduct cannot be ascribed to Governor Baker.

The Supreme Court of the United States has held that

> the psychological consequence presumably produced by observation of conduct with which one disagrees . . . is not an injury sufficient to confer standing . . . [Indeed,] standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy.

Valley Forge, 454 U.S. at 485-86. Thus, plaintiff's claim of psychological harm which, in large part, is premised on his purported knowledge that face coverings are ineffective and his concern that they serve as a "constant reminder to be afraid of what cannot be seen, nor stopped", is unavailing. That plaintiff and many others find the prevalence of face coverings unsettling cannot be deemed an "injury in fact" for the purpose of standing. Nor does plaintiff's complaint that he has been "berated" by others for not wearing a face covering proffer the requisite causation. Instead, plaintiff's contentions amount to a generalized grievance relating to the irrational response of some national and local administrators to COVID-19 to which the legislative branches of government are in a better position to countermand. See Valley Forge, 454 U.S. at 474.

### ii. Causation

The second element of standing requires a showing that the injury is fairly traceable to the defendant's conduct and not the result of "the independent action of some third party not before the court." Lujan, 504 U.S. at 560-61 (internal citation omitted); see also Dantzler, Inc. v. Empresas Berrios Inventory

& Operations, Inc., 958 F.3d 38, 47 (1st Cir. 2020) (holding that the plaintiff lacked standing where the actions of multiple third parties acting independently were critical to the plaintiff's alleged causal chain).

Assuming, arguendo, that Beaudoin has stated an injury in fact, the injuries he alleges are not fairly traceable to the Governor's conduct because they depend too heavily on the independent actions of third parties.  Many businesses require and many people choose to wear face coverings, not because of Order 55 but, because the CDC and other public health agencies have promoted their efficacy and necessity in mitigating the spread of COVID-19.  To that end, because plaintiff is exempt from Order 55, the businesses that have denied him entry without a face covering and the individuals who have refused to remove their own face coverings to communicate with him did so notwithstanding the Order. See Cangelosi, 2020 WL 6449111, at *4 (explaining that, although plaintiff may question the efficacy of face coverings to prevent the spread of COVID-19, businesses may still require face coverings for the perceived protection of their employees and patrons, regardless of the Governor's mandate); see also Shelton v. City of Springfield, No. 20-cv-03258, 2020 WL 6323935 (W.D. Mo. Oct. 28, 2020) (similar).

Whatever psychological harm Beaudoin attributes to the harassment heaped upon him by others for not wearing a mask

& Operations, Inc., 958 F.3d 38, 47 (1st Cir. 2020) (holding that the plaintiff lacked standing where the actions of multiple third parties acting independently were critical to the plaintiff's alleged causal chain).

Assuming, arguendo, that Beaudoin has stated an injury in fact, the injuries he alleges are not fairly traceable to the Governor's conduct because they depend too heavily on the independent actions of third parties.  Many businesses require and many people choose to wear face coverings, not because of Order 55 but, because the CDC and other public health agencies have promoted their efficacy and necessity in mitigating the spread of COVID-19.  To that end, because plaintiff is exempt from Order 55, the businesses that have denied him entry without a face covering and the individuals who have refused to remove their own face coverings to communicate with him did so notwithstanding the Order. See Cangelosi, 2020 WL 6449111, at *4 (explaining that, although plaintiff may question the efficacy of face coverings to prevent the spread of COVID-19, businesses may still require face coverings for the perceived protection of their employees and patrons, regardless of the Governor's mandate); see also Shelton v. City of Springfield, No. 20-cv-03258, 2020 WL 6323935 (W.D. Mo. Oct. 28, 2020) (similar).

Whatever psychological harm Beaudoin attributes to the harassment heaped upon him by others for not wearing a mask

cannot be ascribed to Order 55, the specific enforcement procedures of which do not include the public chastisement of violators.  Although the Court commiserates with plaintiff's predicament, the poor behavior of members of the public cannot be imputed to Governor Baker and Order 55.  Accordingly, plaintiff has not demonstrated that he has standing to challenge Order 55 and, for that reason, his complaint will be dismissed.

### ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 36) is **ALLOWED**.  Plaintiff's first amended complaint is hereby **DISMISSED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated March 25, 2021